ARRINGTOE VS. SMITH.

Where no motion for a new trial has been made, nor any question of law reserved at the trial, there is nothing before this court for adjudication.

*Appeal from Ouachita Circuit Court.*

Hon. L. B. Green, Circuit Judge.

Lyon, for the appellant.

Farrelly & Finley, contra.

Mr. Justice FAIRCHILD delivered the opinion of the court.

This case, which was an action of debt upon a sheriff's bond for the escape of a person who had been imprisoned upon civil process, was submitted to the court sitting as a jury, upon an agreed statement of facts. The plaintiff then moved the court to declare the law upon the facts to be for the plaintiff; which the court refused, and, on motion of the defendant, ruled that upon the admitted facts, the law was for the defendant. The plaintiff excepted and appealed.

No motion for a new trial was made, no specific legal propositions were submitted to the court, as the law applicable to the case. It is precisely as if an exception had been taken to the general finding of the court sitting as a jury, without the attention of the court being called to the law, by special declarations of law, or to the facts of the case, by motion for a new trial; that is, it is within the rule adopted in *The State Bank vs. Conway*, 13 *Ark.* 344, and the many subsequent cases that adhere to the rule.

It is insisted on here, and after its application to so many cases, we ought not, if we wished to do so, to obstruct its application. But we have no wish to do so; yet, do wish that cases that are brought to this court, might be so brought, as to have a determination upon their merits. Yet, however strong may be our impressions that the merits of this case, upon the fullest investigation, would lead us to the same result of affirming the judgment, because a sheriff might not be held liable upon his bond for doing what a judicial officer, acting within the scope of his jurisdiction, ordered him to do, it is only an impression, and we decline the examination of the power of the presiding judge of the County Court to discharge from confinement a person held in custody under a charge of fraudulent indebtedness, and the consequent liability of the sheriff for obeying an order of discharge made by such judge.

Judgment affirmed.